UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-Civ-24080-COOKE/TORRES

EDGAR NIVIA AND CIELO LOPEZ,

    Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC, *et al.,*

    Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT**

    BEFORE ME is Defendants Nationstar Mortgage, LLC and Aurora Loan Services' ("Defendants") Motion to Dismiss Complaint, ECF No. 13. Plaintiffs Edgar Nivia and Cielo Lopez ("Plaintiffs") filed their Response in Opposition to the Defendant's Motion to Dismiss, ECF No. 16, on February 11, 2014. Defendant failed to Reply, and the time permitted for which has expired. Therefore, the Defendant's Motion to Dismiss is fully briefed and ripe for adjudication. I have reviewed the Motion, the Response, the record, and the relevant legal authority. For the reasons provided below, Defendant's Motions to Dismiss is **GRANTED**.

    **I.**    **BACKGROUND**

    On June 14, 2007, Plaintiffs signed a mortgage securing a loan for their home with Defendants Aurora Loan Services, LLC ("Aurora"). ECF No. 13. During the course of the loan, Nationstar Mortgage, LLC ("Nationstar") became an assignee of the servicing rights of the mortgage loan and of certificate of title to the Property,

ECF No. 13. Plaintiffs later defaulted on this loan, and, on October 29, 2008, Defendants Aurora Loan Services, LLC filed a foreclosure action in Miami-Dade County Circuit Court, ECF No. 1. The Defendants obtained a final judgment of mortgage foreclosure against the Plaintiffs on December 19, 2011, ECF No. 13.

Then, on October 2, 2013, Plaintiffs filed the present action in the 11th Judicial Circuit for Miami-Dade County against both Aurora and Nationstar, alleging violations of the Troubled Asset Relief Program ("TARP") and the Making Home Affordable programs, of which Home Affordable Modification Program ("HAMP") is a derivative, violation of Florida's Deception and Unfair Trade Practices Act ("FDUTP"), and loss of property, ECF No. 1. On November 8, 2013, Defendants removed the action to federal court, citing diversity, ECF No. 1. Plaintiffs aver that Defendants violated TARP and HAMP by denying them a loan modification, ECF No. 16. Plaintiffs also allege that Defendant's advertisement on their website, which states that their "goal" is to "help home owners keep their homes," constitutes an unfair practice because Defendants then denied them their loan modifications, ECF No. 16. Defendants moved to dismiss, stating that the claim was barred by res judicata and the *Rooker-Feldman* doctrine, Plaintiff's have no private right of action under HAMP or TARP, and that Plaintiffs do not have a claim under FDUTPA.

## II.   LEGAL STANDARD

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a plaintiff must articulate "enough facts to state a claim for relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.* Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. at 555).

A court is not required to accept legal conclusions in the complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. When a plaintiff pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *See id.* at 678.

The purpose of a motion to dismiss is to test the facial sufficiency of a complaint. *See Hermoza v. Aroma Restaurant, LLC*, No. 11-23026, 2012 WL 273086, at *1 (S.D. Fla. Jan. 30, 2012). Therefore, a court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

### III.   DISCUSSION

**A. Plaintiffs' Claims are Barred by the *Rooker-Feldman* Doctrine.**

The *Rooker-Feldman* doctrine limits the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation. *Godman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983).

> The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000).

"The Eleventh Circuit has identified two 'scenarios' where a federal claim is inextricably intertwined with a state-court judgment: '(1) where the success of the federal claim would 'effectively nullify' the state-court judgment; and (2) where the federal claim 'succeeds only to the extent that the state wrongly decided the issues.'" *Figueroa v. MERSCORP, Inc.*, 766 F. Supp. 2d 1305, 1316 (S.D. Fla. 2011) (quoting *Springer v. Perryman*, No. 10-12059, 401 Fed. Appx. 457 (11th Cir. Oct. 27, 2010) (quoting *Casale*, 558 F.3d at 1260)). The *Rooker-Feldman* doctrine applies even if the plaintiff failed to raise the federal issue in the state court. *Liedel v. Juvenile Court of Madison County*, 891 F.2d 1542, 1545 (11th Cir. 1990). It does not apply, however, "if the plaintiff had no 'reasonable opportunity to raise his federal claim in state

proceedings." *Goodman*, 259 F.3d at 1332 (quoting *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996) (internal citations omitted)).

The *Rooker-Feldman* doctrine applies when the requested outcome would effectively nullify the state court proceedings or if the plaintiffs already had an opportunity to present the claims in the state court proceeding. In *Figueroa v. MERSCORP*, 766 F. Supp. 2d 1305 (S.D. Fla. 2011), the court found that plaintiff's assertions that defendant banking institution had committed fraud during the foreclosure proceeding was "inextricably intertwined" with the state proceeding, and therefore barred by the *Rooker-Feldman* doctrine, because:

> "[f]or [plaintiff's] federal RICO claims to succeed, the [c]ourt must find that wire and mail fraud occurred in [d]efendant's prosecution of foreclosures. If the [c]ourt concludes that mail and wire fraud occurred in obtaining the foreclosures, and that the fraud damaged [p]laintiff and class members, the [c]ourt would be saying the foreclosures were wrongfully granted and the resulting judgments are void."*Figueroa*, 766 F. Supp. 2d at 1323.

The court went on to conclude that "to the extent that [p]laintiff seeks money damages and not an explicit overturning of the state-court judgment, this does not change the [c]ourt's conclusion, as damages would only be available where there was a wrongful foreclosure." *Id.* Additionally, the court also pointed out that plaintiff "had a full and fair opportunity to litigate in state court," and as such his claims were barred. *Id.*

Although Plaintiff claims they are not asking the Court to review the state court's decision, only Defendant's "unfair practices," ECF No. 20, this is analogous to the issue in *Figueroa*. Much like the plaintiffs in *Figueroa*, Plaintiffs presently seek a declaration from the federal courts that the "foreclosures were wrongfully granted

5

and the resulting judgments are void," because the Defendants should have granted them a loan. *Figueroa*, 766 F. Supp. 2d at 1323. And like the plaintiffs in *Figueroa*, Plaintiffs here seek monetary damages for " compensatory damages, pain and suffering, and reasonable costs," ECF No. 12, which they are entitled to if the state foreclosure proceedings were incorrect. Ultimately, Plaintiffs' claim is that the state court was incorrect in granting the foreclosure because Defendants did not grant them a loan modification. Plaintiffs' claims, therefore, are "inextricably intertwined" with the state court proceedings and are barred by the *Rooker-Feldman* doctrine. Additionally, Plaintiffs received a "full and fair opportunity" to raise their claims against Defendants in the state court proceedings and failed to do so. Plaintiffs cannot now get a second bite at the apple by simply couching their prayer for relief in different terms. Therefore, to the extent Plaintiffs seek relief from the state court foreclosure judgment, Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, this Court lacks jurisdiction, and Plaintiffs' case must be dismissed with prejudice.

**B. Plaintiffs' Claims are Barred by Principles of *Res Judicata*.**

"When a federal court is asked to give *res judicata* effect to a prior state court judgment, the federal court applies the *res judicata* principles of the state from which the allegedly preclusive ruling emanates." *Kizzire v. Baptist Health Sys., Inc.,* 441 F.3d 1306, 1308 (11th Cir. 2006) (citing *Amey, Inc. v. Gulf Abstract & Title, Inc.,* 758 F.2d 1486, 1509 (11th Cir. 1985)). "Under Florida law, a judgment on the merits rendered in a former suit between the same parties on the same cause of action bars the re-litigation of every claim which was or could have been raised in that action." *Fla. Trans. Serv., Inc. v. Miami-Dade County*, 757 F. Supp. 2d 1260, 1271 (S.D. Fla. Nov. 2,

6

2010) (J. Jordan). "For res judicata to apply, there must be (1) an identity of the "thing" sued for; (2) an identity of the cause of action; (3) an identity of the parties to the action; and (4) an identity of the quality or capacity of the persons for or against which the claim is made." *Id.* (citing *Tyson v. Viacom, Inc.,* 890 So.2d 1205, 1209 (Fla. 4th DCA 2005)).

All of the elements required to invoke *res judicata* are met in the instant action. First, both suits involve the same property in Miami-Dade County, Florida. Compl. ¶ 4, 23. The mortgage loan at issue in the instant suit is the same mortgage loan that was foreclosed in the state court foreclosure action. Second, Plaintiffs' instant action – failure to modify their mortgage loan – arises out of the "same nucleus of operative fact" and is based on the "same factual predicate," which is sufficient to satisfy the second element of *res judicata*. *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). Third, the Plaintiffs and the Defendants in the instant action are the identical parties in the state court foreclosure proceeding satisfying the third element of *res judicata*. The fourth, and last, element tests "whether the parties in the state action had the incentive to adequately litigate the claims in the same character or capacity as would the parties to the federal action." *McDonald v. Hillsborough County School Bd.*, 821 F.2d 1563, 1566 (11th Cir. 1987). I am convinced that the last element is satisfied. Not only were the Plaintiffs in the instant case parties to the state court proceeding, they had an even greater incentive to litigate their claims in the state court foreclosure proceeding because a judgment had yet to be entered against them. The same can be said for the Defendants that sought the state court foreclosure judgment. Plaintiffs now seek to litigate claims that all parties to the instant action

7

would have litigated in the same character or capacity as those presented or that could have been presented in the prior action. Accordingly, this action is barred by the principles of *res judicata*.

**C. There is No Private Right of Action Under HAMP or TARP.**

Despite Plaintiff's claims to the contrary, the Eleventh Circuit and several districts courts within our circuit have held that there is no private cause of action under either Home Affordable Modification Program ("HAMP") or Troubled Asset Relief Program ("TARP"). *See Nelson v. Bank of America, N.A.*, 446 Fed. Appx. 158 (11th Cir. 2011) (no private right under HAMP); *Thomas v. Pentagon Federal Credit Union*, 393 F. App'x 635, 638 (11th Cir. 2010) (unpublished) (no private right under TARP); *Wachovia Bank, N.A. v. Lone Pine, Inc.*, 2010 U.S. Dist. LEXIS 59808 (N.D. Ga. 2010) (no private right under TARP); *Regions Bank v. Homes by Williamscraft, Inc.*, Civil Action No. 1:09-CV-91-TWT, 2009 U.S. Dist. LEXIS 103574 (N.D. Ga. Nov. 6, 2009) (Thrash, J.) ("the court finds that there is no express or implied right to sue fund recipients under TARP").

Neither party disputes that Aurora and Nationstar received funds from the United States in the TARP and HAMP programs. However, since neither program provides a private right of action to individual borrowers against lenders, Plaintiffs, therefore, cannot assert a claim under either TARP or HAMP for Defendant's denial of their home loan modification. *Id.*

**D. Plaintiffs Fail to State a Claim Under FDUTPA.**

Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") declares "unfair methods of competition, unconscionable acts or practices, and unfair or

8

deceptive acts or practices in the conduct of any trade or commerce" unlawful. Fla. Stat. § 501.204. In order to state a cause of action under FDUTPA, Plaintiff must establish: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *McGuire v. Ryland Group, Inc.*, 497 F. Supp. 2d 1347, 1355 (M.D. Fla. 2007) (citing *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006)).

An unfair practice is "one that 'offends established public policy' and one that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006). "[A] deceptive act occurs where there is 'a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'" *Fitzpatrick v. General Mills, Inc.*, 263 F.R.D. 687, 693 (S.D. Fla. 2010) (citing *Zlotnick v. Premier Sales Group, Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (internal citations omitted)); see also *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. 1st DCA 2000) (explaining that federal courts have held "a deceptive practice is one that is likely to mislead consumers").

The causation element is an objective, not subjective, standard. *Davis*, 766 So. 2d at 974. "The question is not whether the plaintiff actually relied on the alleged deceptive trade practice, but whether the practice was likely to deceive a consumer acting reasonably in the same circumstances." *Id*; *see also Gavron v. Weather Shield Manufacturing*, 819 F. Supp. 2d 1297, 1301 (S.D. Fla. 2011) (stating that because the plaintiff "allege[d] facts indicating [defendants] made misleading representations that would deceive an objectively reasonable person . . . the Court finds that [the plaintiff] adequately has alleged causation.")

9

In the present action, Plaintiffs claim that the Defendants deceived them with Defendants' statement that their "goal is to keep homeowners who are under financial stress in their homes helping them with loan modifications . . ." because Defendants failed to actually help the Plaintiffs, and that this constituted an "unscrupulous" and "unethical" practice. They also claim that this deception offends the well-established public policy goal of keeping citizens in their homes, and and that it is unethical for the Defendants to have received public funds conditioned on keeping people in their homes but failing to actually do so.

Even if I accept that Defendants' stated goal is deceptive, and I have serious doubts that it is, Plaintiffs claims fail because Plaintiffs do not offer any facts that Defendants actually failed to help anyone other than them. And Plaintiffs cannot claim, nor do they offer any facts, that a reasonable consumer in the same circumstances would have taken Defendant's stated "goal" as a guarantee to a loan modification.  Although the Plaintiffs may have relied on Defendants' stated "goal" as a guaranteed right to a loan modification, causation under FDUTPA is an objective, not subjective, standard.  *Davis*, 766 So. 2d at 974.  As such, Plaintiff's have failed to sufficiently plead that Defendants' "goal" was deceptive, and that an objectively reasonable person would have been mislead by that stated "goal." Therefore, Plaintiffs' FDUTPA claim fails.

### IV.   CONCLUSION

For the foregoing reasons, Defendants Aurora Loan Services, LLC and Nationstar Mortgage, LLC Motion to Dismiss Plaintiffs' First Amended Complaint, ECF No. 13, is **GRANTED**. Plaintiffs' First Amended Complaint is **DISMISSED**

*with prejudice*. Defendants' Motion for a More Definitive Statement is **DENIED** *as moot*. The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, this 21st day of August 2014.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*